UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No. 1:02:CR:112-01

RYAN DUANE EDGER,                 HON. GORDON J. QUIST

        Defendant.
_____/

## ORDER

Defendant Ryan Duane Edger, has moved to modify his term of imprisonment pursuant to Title 18 U.S.C. § 3582(c)(2). On July 22, 2002, Edger pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On December 3, 2002, Edger was sentenced to 100 months incarceration. In calculating Edger's sentence, this court utilized the cross-reference set forth in U.S.S.G. § 2K2.1(c)(1)(A), in that the court found that the defendant possessed the firearm in connection with the commission of another offense. U.S.S.G. § 2X1.1 states that if the resulting offense level is greater than that determined pursuant to U.S.S.G. § 2K2.1, the court should use the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. The substantive offense in Edger's case was assault with intent to murder governed by U.S.S.G. § 2A2.1. This established an offense level of 28. The court granted three points off the offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Edger ended up with a Total Offense

Level of 25 and a Criminal History Category of V. His imprisonment range was 100 to 120 months, 120 months being the statutory maximum.

18 U.S.C. § 3582(c)(2) provides as follows:

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Obviously, this statute does not apply to defendant's case because defendant's sentencing range was not "subsequently" lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

In addition, Edger is incorrect in his substantive analysis of what happened during his sentencing. Edger claims that he was improperly enhanced four offense levels pursuant to U.S.S.G. § 2K2.1(b)(5). It is true that the Presentence Investigation Report shows a four level enhancement pursuant to this subsection. However, this four point enhancement was irrelevant to the calculation of Edger's offense level because it was the cross-reference pursuant to U.S.S.G. § 2K2.1(c)(1)(A) and 2X1.1 that established Edger's offense level prior to deducting the points for acceptance of responsibility.

Finally, Edger is wrong in his understanding of Amendment 599. Amendment 599 applies to convictions under 18 U.S.C. § 924(c), which provides for enhanced consecutive punishments where anyone who during and in relation to a crime of violence or drug trafficking crime received the extra consecutive punishment. This is to avoid double sentences. However, Amendment 599 does not prohibit enhancements for use of the firearm in connection with another offense where the defendant was not convicted under § 924(c), or was simply convicted of being a felon in possession

under § 922(g).  *United States v. Friend*, 303 F.3d 921 (8th Cir. 2002).  Edger was convicted under 18 U.S.C. § 922(g).

For these reasons, Edger's Motion To Modify Term Of Imprisonment Pursuant To Title 18 USC § 3582(c)(2) (docket no. 20) is hereby **DENIED**.

Dated:  May 2, 2005                                         /s/ Gordon J. Quist
                                                                            GORDON J. QUIST
                                                                          UNITED STATES DISTRICT JUDGE